SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

August 13, 2018

Alonzo J. Payne
SBI # 00398336
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

RE: *State of Delaware v. Alonzo J. Payne,*
Case ID# 1308012898A

DATE SUBMITTED: July 18, 2018

Dear Mr. Payne:

Defendant Alonzo J. Payne ("Defendant") has filed his second Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion is **DENIED**.

On February 26, 2014, after a jury trial, Defendant was found guilty of one count of Robbery in the First Degree, one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and one count of Tampering with Physical Evidence. On May 23, 2014, Defendant was sentenced as follows: for Robbery in the First Degree, to serve 25 years at Level Five; for PFDCF, to serve 25 years at Level Five; and for Tampering with Physical Evidence, to

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated March 23, 2017.

1

serve two years at Level Five, suspended for one year at Level Three. At sentencing, Defendant was declared a habitual offender.[2] Defendant filed an appeal to the Delaware Supreme Court on September 7, 2001. The Supreme Court Affirmed Defendant's conviction on March 30, 2015.[3] On April 17, 2015, the Supreme Court mandate was filed, finalizing Defendant's conviction.[4]

On May 15, 2015, Defendant filed his first Postconviction Motion. On January 18, 2017, the Superior Court denied Defendant's Motion.[5]

On July 18, 2018, Defendant filed his second Motion for Postconviction Relief. He makes two claims: (1) that this Court violated his Fourteenth Amendment right and abused its discretion when denying his Motion for Judgment of Acquittal and (2) that his Sixth Amendment right to counsel was violated when his attorney did not raise his initial claim on appeal.

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) will force the motion to be procedurally barred.[6] Both Rule

---

[2] Docket Entry No. 44.
[3] *Payne v. State*, 2015 WL 1496061, (Del. March 30, 2015).
[4] Docket Entry No. 66.
[5] *State v. Payne*, 2017 WL 325177 (Del. Super. Ct. Jan. 18, 2017).
[6] Super. Ct. Crim. R. 61(i) provides:

> (i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.
>
> (2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.
>
> (3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

61(i)(1) and (2) require this motion to be summarily dismissed. First, a motion for postconviction relief cannot be filed more than one year after the judgment is final.[7] Given that Defendant's conviction was final on April 17, 2015, his motion is time-barred. Additionally, any successive motion for postconviction relief is barred by Rule 61(i)(2) unless the Defendant has:

(i)     [pled]...with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which [he] was convicted; or

(ii)    [pled]...with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[8]

Defendant is unable to meet either criteria. He has not alleged that new evidence exists that creates a strong inference of actual innocence or that a new rule of constitutional law applied retroactively to render his conviction invalid. He is simply attempting to re-litigate trial matters.

In addition, Defendant filed a Motion for Modification of Sentence under Rule 35 with his Motion for Postconviction Relief. Under Rule 35, a Motion for Modification of Sentence made more than 90 days after the imposition of the sentence may only be considered in extraordinary circumstances.[9] No such circumstances exist in this case. Therefore, Defendant's Motion for Modification of Sentence is denied.

---

(4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

(5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[7] *See* Rule 61(i)(1)
[8] *See* Rule 61(i)(2); 61(d)(2)(i), (ii).
[9] Super. Ct. Crim. R. 35(b).

3

Considering the foregoing, Defendant's Motion for Postconviction Relief and Motion for Modification of Sentence are **DENIED**. As Defendant's Motion for Postconviction relief is denied, Defendant's Motion for Appointment of Counsel is also **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office